UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

DEBORAH A. TONEY,                         CASE NO:

      Plaintiff,

V.

ALABAMA DEPARTMENT OF
CORRECTIONS, COMMISSIONER
JOHN HAMM, AND DEPUTY
COMMISSIONER WENDY
WILLIAMS,

      Defendants,

---

## **COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes **DEBORAH A. TONEY**, resident of, and domiciled in Alabama, who respectfully submits this EEOC Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure. In support of her Complaint, she respectfully represents the following:

### **NATURE OF THE ACTION**

1.    This action is brought under the Title VII of the Civil Rights Act of 1964 (Title VII) and The Age Discrimination in Employment Act of 1967 (ADEA) and The Alabama Age Discrimination in Employment Act (AADEA). This cause of action arises out of the illegal discrimination, based on age, gender, and race, and retaliatory constructive termination of Warden Deborah A. Toney (hereinafter

referred to as "Warden Toney") by the Alabama Department of Corrections (hereinafter referred to as "Alabama DOC") in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and The Age Discrimination in Employment Act of 1967 (ADEA) and The Alabama Age Discrimination in Employment Act (AADEA).

2.    This cause of action is for the unconditional, non-discriminatory placement in and/or restoration of her position as warden, which is the position Warden Toney would have occupied but for the discrimination she suffered, as well as, compensatory and punitive damages, including back pay computed in the manner prescribed by 5 C.F.R. § 550.805, pursuant to 29 C.F.R. § 1614.501(c)(1). Additionally, this action has been brought to redress the discrimination of Warden Toney and any similarly situated employees who have endured discrimination by the Alabama DOC.

3.    This court has jurisdiction over federal questions pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17 ("Title VII") and The Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 through 634 ("ADEA"). This Court has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367. No reason exists for this Court to decline to exercise supplemental jurisdiction under subsection (c) of 28 U.S.C. § 1367.

4.       Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, occurrences, discriminations, deprivations and/or omissions giving rise to this action occurred in the Middle District of Alabama.

## THE PARTIES

5.       Plaintiff, **DEBORAH A. TONEY,** is a resident of, and domiciled in Alabama. At all times relevant hereto, Warden Toney was a citizen of the United States and a resident of the city of Helena, State of Alabama. Plaintiff is a member of a protected class because of her race (black), gender (female), and age (70) and because she participated in protected activity.

6.       Defendant, **ALABAMA DEPARTMENT OF CORRECTIONS,** is a department of the State of Alabama with over 3,000 employees, which can be served through its Commissioner, John Hamm at 301 South Ripley Street, Montgomery, Alabama 36130-1501.

7.       Defendant, **COMMISSIONER JOHN HAMM, in his official capacity as Commissioner,** whose residence, domicile and address are currently unknown, may be served at the following address: 301 South Ripley Street, Montgomery, Alabama 36130-1501. Hamm is and was, at all material times, a duly appointed and sworn Commissioner of the Alabama Department of Corrections and was acting in his official capacity and/or under color of state law.

8.     Defendant, **DEPUTY COMMISSIONER WENDY WILLIAMS, in her official capacity as Deputy Commissioner,** whose residence, domicile and address are currently unknown, may be served at the following address: 301 South Ripley Street, Montgomery, Alabama 36130-1501. Williams is and was, at all material times, a duly appointed and sworn Deputy Commissioner of the Alabama Department of Corrections and was acting in her official capacity and/or under color of state law.

## CONDITIONS PRECEDENT

9.     Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC") related to the allegations of discrimination and retaliation under Title VII and The ADEA (EEOC Charge No. 420-2022-03178). The EEOC conducted the investigation into these allegations of discrimination and retaliation. Plaintiff received a Determination and Notice of Rights on November 29, 2022, which notified her that the EEOC will not proceed further with its investigation and of her right to sue within ninety days. Thus, Plaintiff is entitled to file this Civil Action.

10.     Additionally, the Alabama Age Discrimination in Employment Act does not require advance filing of an EEOC claim in order to file suit.

## STATEMENT OF FACTS

10.     The Alabama Department of Corrections employs over 3,400 employees with an inmate population approaching 26,000+ prisoners.

11.     Warden Toney had been employed with the Alabama DOC for forty years.

12.     Warden Toney was employed as Correctional Facility Warden at Limestone Correctional Facility ("Limestone CF") by Alabama DOC at the time of the discriminatory actions and retaliatory termination alleged herein.  Warden Toney had held the position of Warden of Limestone CF for 3 years, prior to her retaliatory termination.

13.     Limestone CF has an estimated prison population of 2,183 prisoners and is located at 28779 Nick Davis Rd. in Harvest, AL 35749.

14.     Warden Toney is a black, female, who is 70 years of age and was all such attributes at the time of the discriminatory actions and retaliatory termination alleged herein.

15.     In March 2022, Warden Toney participated in a search of correctional officers and/or other staff in order to prevent and/or deter them from bringing in contraband into the correctional facility. Warden Toney participated in these searches for one day, before she was told to stop participating in the searches.

16.    Deputy Commissioner Williams and other persons informed Warden Toney that she was accused of sexual harassment, more specifically, of squeezing the breasts of female correctional officers and/or other staff during these searches.

17.    Deputy Commissioner Williams questioned Warden Toney about the searches and asked her to write a statement about the searches.

18.    Regional Directory (Northern Region) Edward Ellington informed Warden Toney that she was relieved of her duties, without pay, until an investigation of these allegations could be conducted.

19.    The Alabama DOC Office of Inspector General (OIG) conducted an investigation of the allegations of sexual harassment of Limestone CF's female employees by Warden Toney.

20.    The investigation concluded on June 21, 2022.

21.    On July 12, 2022, Deputy Commissioner Williams issued a Memorandum to Warden Toney detailing the results of this investigation and a subsequent investigation concerning an allegation of discrimination based on disability by a male employee at Limestone CF.

22.    OIG alleged that it had substantiated both the allegations of sexual harassment and the allegation of disability discrimination.

23.    Deputy Commissioner Williams failed to articulate how these investigations were conducted.

24.    However, Deputy Commissioner Williams alleged that eight (8) female employees gave corroborating statements indicating that their breasts were squeezed and grabbed by Warden Toney during these searches.

25.    Deputy Commissioner Williams gave Warden Toney notice that a pre-dismissal conference was scheduled to take place on August 1, 2022 at 10:00 a.m.

26.    Deputy Commissioner Williams indicated that the pre-dismissal conference would allow Warden Toney an opportunity to "tell [her] side of the story" by presenting witness statements and other information; however, she also noted that it was "highly probable" that Warden Toney would not be recommended for re-employment with the Department of Corrections.

27.    As alleged previously, Warden Toney was placed on mandatory leave without pay in March of 2022, under the auspices that an investigation of the accusations would occur.

28.    At that time, Warden Toney was escorted out of the facility by police and paraded through a swarm of media personnel.

29.    Due to being placed on leave without pay, Warden Toney was forced to use all accrued paid leave that she had accrued in order to support herself during the investigation.

30.    Although she was placed on leave in March of 2022, OIG allegedly took approximately three to four months to conclude its investigation of the allegations.

31.    Warden Toney was given two letters extending her suspension during her unpaid leave.

32.    Besides the statements of Warden Toney's accusers, Warden Toney was not informed of any other evidence or statements collected or action taken during this lengthy investigation.

33.    Warden Toney was forced to expend all of her accrued paid leave to subsist during the investigation.

34.    Warden Toney avers that such actions, including parading her through the media and dragging out her unpaid leave, taken by Alabama DOC was done with the intent of forcing Warden Toney to resign.

35.    Counsel for Warden Toney sent notice of lawsuit to Alabama DOC in March of 2022 and notice of intent to sue for discrimination in June of 2022.

36.    Such actions constituted Warden Toney's participation in protected activity (i.e., initiation of an EEOC complaint).

37.    Although Warden Toney did elect to go to the retirement system of Alabama to file the necessary paperwork to retire, such action was done solely because Alabama DOC's lengthy delays caused her to expend her paid leave and she had no other way to support herself during this unpaid leave.

38.    Warden Toney requests that this Court find that Alabama DOC's action and inaction constituted a de facto termination of Warden Toney and were retaliation

against her sending notice of her intent to litigate her claims of Alabama DOC's discrimination against her.

29.    Warden Toney filed a Charge of Discrimination against Alabama DOC and Limestone CF on August 29, 2022.

30.    In her complaint, she detailed the discrimination based on her race, sex, and age.

31.    Alabama DOC filed a Response to Warden Toney's charge of Discrimination on September 7, 2022.

32.    Rather than concede such discriminatory actions, Alabama DOC denied all allegations and alleged that Warden Toney was investigated with cause and opted to retire prior to the conclusion of the investigation.

33.    On November, 10, 2022, Warden Toney, through counsel, filed a rebuttal to Alabama DOC's response to her complaint. In the rebuttal, she raised the issue of de facto retaliatory termination.

34.    On November 29, 2022, the U.S. Equal Employment Opportunity Commission, through its Birmingham District Office District Director, issued a Determination and Notice of Rights.

35.    In this document, the EEOC issued a determination that it would not proceed further with its investigation and that it makes no determination about whether further investigation would establish violations of the statute. It noted that

its determination does not mean that Warden Toney's complaint lacks merit. The EEOC made no finding as to the merits of any other issues in Warden Toney's Charge.

36.     The EEOC also notified Warden Toney if its dismissal of her charge and of her right to sue.

37.     Warden Toney has sustained damages pecuniary compensatory damages such as loss of pay, loss of accrued leave, and other pecuniary damages.

38.     Warden Toney has also sustained non-pecuniary compensatory damages, including but not limited to emotional distress, mental anguish, inconvenience, and loss of enjoyment of life.

39.     Warden Toney avers that she is entitled to punitive damages due to the malicious and reckless acts of discrimination that she has suffered by Alabama DOC.

40.     Warden Toney avers that said punitive damages should be awarded up to $300,000 due to Alabama DOC being an employer with more than 500 employees.

## COUNT I
## VIOLATION OF ALABAMA AGE DISCRIMINATION IN EMPLOYMENT ACT & RETALIATION

41.     Plaintiff incorporates and realleges paragraphs 1 through 40 as though fully pleaded herein.

42.    Plaintiff is seventy (70) years old and was in the protected group under the Alabama Age Discrimination in Employment Act ("AADEA").

43.    Plaintiff was qualified to maintain her position and/or to assume another position at the time of discharge.

44.    Alabama DOC intended to discriminate against Plaintiff in reaching its decision to investigate Plaintiff and place Plaintiff on forced mandatory leave ultimately leading to her constructive discharge.

45.    Additionally, Alabama DOC discriminated against Plaintiff by taking adverse actions, including placing her on unpaid leave, extending this unpaid leave, not fully and fairly conducting the alleged investigation against Plaintiff, escorting her out of the building by officers, and parading her in front of the media due to her age.

46.    Additionally following certain discriminatory actions, Plaintiff notified Alabama DOC that she had retained legal representation to pursue an EEOC Claim, a protected activity.

47.    Plaintiff was further retaliated against for engaging in protected activity.

48.    As retaliation, Alabama DOC prolonged the alleged investigation of Warden Toney requiring her to use her accrued leave and force her retirement, i.e., the de facto termination of Warden Toney. Such actions constitute violations of the AADEA.

49.     Plaintiff has suffered damages because of Defendant's actions.

## COUNT II

## VIOLATION OF TITLE VII

## 42 U.S.C. §§ 2000e et seq.

50.     Plaintiff incorporates and realleges paragraphs 1 through 40 as though fully pleaded herein.

51.     Plaintiff is a black female and was in the protected group under Title VII.

52.     Plaintiff was qualified to maintain her position and/or to assume another position at the time of discharge.

53.     Alabama DOC intended to discriminate against Plaintiff in reaching its decision to investigate Plaintiff and place Plaintiff on forced mandatory leave ultimately leading to her constructive discharge.

54.     The conduct by Alabama DOC, constituted sex and race discrimination, including such adverse actions as placing her on unpaid leave, extending this unpaid leave, not fully and fairly conducting the alleged investigation against Plaintiff, escorting her out of the building by officers, and parading her in front of the media, due to her sex and race.

55.     Additionally following certain discriminatory actions, Plaintiff notified Alabama DOC that she had retained legal representation to pursue an EEOC Claim, a protected activity.

56.    Plaintiff was retaliated against for engaging in protected activity.

57.    As retaliation, Alabama DOC prolonged the alleged investigation of Warden Toney requiring her to use her accrued leave and force her retirement, i.e., the de facto termination of Warden Toney. Such actions constitute violations of Title VII.

58.    Plaintiff has suffered damages because of Defendant's actions.

## COUNT III
## VIOLATION OF ADEA VIOLATION
## 29 U.S.C. §§ 621-634

59.    Plaintiff incorporates and realleges paragraphs 1 through 40 as though fully pleaded herein.

60.    Plaintiff is seventy (70) years old and was in the protected group under the ADEA.

61.    Plaintiff was qualified to maintain her position and/or to assume another position at the time of discharge.

62.    Alabama DOC intended to discriminate against Plaintiff in reaching its decision to investigate Plaintiff and place Plaintiff on forced mandatory leave ultimately leading to her constructive discharge.

63.    Additionally, Alabama DOC discriminated against Plaintiff by taking actions, including such adverse actions as placing her on unpaid leave, extending this unpaid leave, not fully and fairly conducting the alleged investigation against

Plaintiff, escorting her out of the building by officers, and parading her in front of the media, due to her age.

64.    Additionally following certain discriminatory actions, Plaintiff notified Alabama DOC that she had retained legal representation to pursue an EEOC Claim, a protected activity.

65.    Plaintiff was retaliated against for engaging in protected activity.

66.    As retaliation, Alabama DOC prolonged the alleged investigation of Warden Toney requiring her to use her accrued leave and force her retirement, i.e., the de facto termination of Warden Toney. Such actions constitute violations of the ADEA.

67.    Plaintiff has suffered damages because of Defendant's actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Deborah A. Toney, prays for the following relief as to Count I, II and III:

1. That process issue and this Court take jurisdiction over this case;

2. That this Court enter a money judgment against Alabama DOC, Commissioner John Hamm, and Deputy Commissioner Wendy Williams, for compensatory, special, and punitive damages together with costs and disbursements, including reasonable attorneys' fees, under 42 U.S.C. § 1988 and prejudgment interests;

3. That this Court enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

4. That this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

5. That this Court enter judgment against Defendants reinstating Plaintiff to her position with Defendant and/or front pay;

6. That this Court enter judgment against Defendants and in favor of Plaintiff permanently enjoining Defendants from future violations of law enumerated herein; and

7. Any and all general and equitable relief that may be afforded Plaintiff by this Honorable Court and the laws of the State of Alabama.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

**RESPECTFULLY SUBMITTED** this _____ day of February, 2023 Montgomery, Montgomery County, Alabama.

**THE LAW OFFICES OF**
**MR. JEFFERY D. TONEY, SR.**

/s/ Jeffery D. Toney, Sr.
Mr. Jeffery D. Toney, Sr.
Counselor & Attorney at Law

502 North Main Street
Crestview, Florida 32536
Phone: 850.689.1600
Fax:    850.682.9698

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, the foregoing **EEOC COMPLAINT** was filed electronically with the Clerk of Court using the CM/ECF system and that it will be available for viewing and downloading on the Court's CM/ECF system by all parties. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on this ___ day of February, 2023.

/s/ *Mr. Jeffery D. Toney, Sr.*

Mr. Jeffery D. Toney, Sr.